Schreck et ux. v. Standard Accident Insurance Company, Appellant.

Argued November 18, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John C. Ingham,* and with him *H. W. Raymond* and *H. H. Mercereau,* for appellant.

*William P. Wilson,* and with him *Howard F. Wilson* and *J. Roy Lilley,* for appellee.

PER CURIAM, February 27, 1931:

(Unless otherwise noted, the quotations are from the opinion of the lower court refusing a new trial).

"This controversy arises out of a contract of insurance by which the defendant insured the plaintiffs against accidental injury and damage to a Cadillac automobile, owned by plaintiffs, by collision."

"At the opening of the trial counsel for both plaintiffs and defendant stated to the court that the question involved was one of law for the court and not of fact for the jury."

"The only question in dispute between plaintiffs and defendant in this controversy was the amount of damages sustained by plaintiffs and for which defendant was liable under its contract for insurance. That a liability in some amount existed was conceded, and as the parties were unable to agree upon the amount, an appraisal in accordance with the provisions of the policy was held."

"A representative of defendant company was present and fully heard by the appraisers and had full knowledge of their considerations and the award was made in writing, signed by two of the appraisers and delivered to defendant company on or about April 25, 1929, and no complaint or objection appears to have been made by the company to the award so made until plaintiffs began pressing for payment of the amount, and then without stating in what particular it contended the award was inadequate, erroneous or not in compliance with the policy of insurance, it wrote a letter to plaintiffs' counsel, stating in general terms that the award was not in compliance with the re-

quirements of the policy of insurance, and that it refused to recognize liability thereunder. Answering this letter, counsel for plaintiffs wrote defendant company, calling its attention to the fact that it had not designated in what particular the award failed to comply with the provisions in the policy, and defendant company remained silent, took no further action to have an appraisement made in accordance with its contentions, nor did it take any action to set aside the award that was made, but flatly refused, payment, and when suit was brought, in its affidavit of defense, it gave no further light as to its contention."

"At the trial of the case defendant admitted that the appointment of appraisers was proper and regular, and there is no allegation or contention that the appraisers acted dishonestly or improperly in the discharge of their duties. We think the appraisers did have jurisdiction of the subject matter, to wit, the matters submitted to them for their determination."

The duties of the appraisers are set out in the policy as follows: "In the event of an accident due to collision sustained by any of the automobiles described herein and resulting in loss or damage covered under insuring agreement 1, paragraph 'C,' the amount of such loss or damage, or the nature and extent of the damage requiring repair or replacement is to be determined by the parties hereto, if possible: otherwise by two appraisers, one to be chosen by the named assured and one by the company. The two appraisers so chosen, if they are not able to agree may select a third and the award in writing of any two appraisers shall determine the amount of such loss or the nature and extent of the damage requiring repair or replacement. ...... The company may accomplish such repair or replacement so determined by such means as it may elect, or, at the option of the company, pay in money the amount of the loss as fixed by the appraisers."

"Defendant contends that by the award made by the appraisers, it could not exercise its option of repairing the car to its original condition, instead of paying an amount in damages. There is no evidence in the case that defendant ever attempted to exercise such option; that it ever informed plaintiffs of its desire to repair the automobile in question or it in any wise offered to make such repairs. It simply remained silent and refused to pay the amount of the award upon its contention that the award was not in compliance with the policy of insurance, without designating in any wise in what particular it was defective or erroneous, and without making any effort to have the award corrected or set aside."

The proper action on the part of the company, if they wished to avail itself of the alternative choice, which it claims is given under the policy by which its liability is limited to the actual cost of replacement, would have been to notify the plaintiff that it desired to have the opportunity to exercise that option. Such notice from it might have required action on the part of the plaintiffs and a further submission to the appraisers, or perhaps reappraisement, but as this was not done, it could not at the trial be urged to defeat the plaintiffs' claim.

"The entire provision in the policy providing for an appraisal, under the authorities, was revocable. The entire provision might have been waived by either or both parties. If the entire provision could be waived, parts of the same could be waived. Having submitted the question of damages to appraisers, whose good faith in discharging their duties is not questioned, and the appraisers having submitted their appraisement in writing to both plaintiffs and defendant, and defendant have acquiesced therein by making no move to have it modified or set aside, we believe it must be held to have waived the alleged defects and inadequacies therein now contended for by defendant."

"The parties by the contract of insurance and by their acts in procuring an appraisal, agreed to submit the question of actual damages to the appraisers they appointed instead of leaving the question of actual damages an open one to be determined by the jury from such evidence as could have been presented to the jury. Having thus selected the tribunal to determine the actual damages to the automobile and that tribunal having in good faith discharged its duties, ascertained the actual damages, and made its report in writing to the parties, we are of opinion both parties were bound thereby, and that the reward so made was competent evidence, and it was the duty of the court to instruct the jury to find for the plaintiffs in the amount of that award."

The defendant contends that apart from the failure to enumerate the suitable repairs and replacements necessary, the appraiser included "depreciation" and that the use of that would indicate that the appraisement was not made in accordance to the provisions of the policy. Of course, if the insured is entitled to his actual loss and damage, depreciation is properly included. Article "C" of the policy provided for indemnity "against actual loss or damage." In the "declarations" the loss or damage is limited to the actual cost of its suitable repair or replacement. These clauses above referred to are in the body of the policy. There is a rider which allows the company to deduct fifty dollars in consideration of the premium charged and provides further:

"In consideration of the premium charged, it is understood and agreed that the policy to which this endorsement is attached shall cover against actual loss or damage to the automobiles described in the declarations, in accordance with the provisions and conditions of insuring agreement 1, paragraph 'C'."

"We, therefore, have in the body of the policy the liability of the company first fixed by Article 'C' above

quoted. Then under a later provision in the policy under the heading, 'Declarations,' item 5, we have the language relied upon by the defendant in effect that the company's liability 'is limited to the actual cost of its suitable repair or replacement, etc.,' and then we have the rider attached to the policy lessening to the extent of $50 the company's liability, and fixing its liability less $50, to cover the actual loss or damage to the automobile.''

"It seems to us, that an interpretation of these three clauses, considering that the first two are found in the policy proper, and the third in the annexed rider made part of the policy and relieving the company from liability to the amount of $50 on each individual claim, must be construed most favorably to the insured, and therefore, the protection given by the entire policy, to cover against actual loss or damage to the automobiles described in the declarations.''

"Does not the liability fixed by this rider or special manuscript addition to the general policy govern? We believe it does.''

"In Moore v. Lichtenberger, 26 Pa. Superior Ct. 268, Judge PORTER speaking for the court said, p. 270: 'There was attached to the printed form and made a part of the contract a special manuscript addition, which described the property insured, and contained this special covenant: ''Guaranteed that the premiums and assessments on this policy shall not exceed $25.87 during the time for which it is written.'' This special covenant thus added to the general printed form of the contract must be presumed to have been separately considered by the parties, and to express their exact agreement upon the subject to which it related, and must govern insofar as there is a repugnancy between it and the general covenants of the printed form: Grandin v. Rochester German Insurance Company, 107 Pa. 26; Duffield v. Hue, 129 Pa. 94; Dick v. Ireland,

130 Pa. 299; Lumberman's Exchange v. American Central Insurance Company, 183 Pa. 366.' "

"If our interpretation of the contract be correct to the effect that considering the entire contract and the rider attached, defendant insured plaintiffs against actual loss or damage to their automobile, the element of depreciation was a proper one for consideration of appraisers."

We think that the above excerpts from the opinion of the learned trial judge sustain the conclusion reached by it that the verdict should stand. The assignments are overruled.

The judgment is affirmed.