**BROTHERHOOD OF RAILROAD TRAINMEN, Plaintiff,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY CO. et al., Defendants,**

**Certain Carriers Represented by the Eastern, Western and Southeastern Carriers' Conference Committees and Certain of Their Employees.**

**Civ. A. No. 201-66; Misc. No. 41-63.**

United States District Court
District of Columbia.

April 21, 1966.

Milton Kramer, Washington, D. C., and John H. Haley, Jr., St. Louis, Mo., for brotherhoods.

Francis M. Shea and Richard T. Conway, Washington, D. C., for carriers.

Paul A. Sweeney, Sp. Asst. to the Atty. Gen., Dept. of Justice, Washington, D. C., for Ralph T. Seward.

HOLTZOFF, District Judge.

This is a motion by the Brotherhood of Railroad Trainmen to impeach a ruling of Arbitration Board 282, which in effect was an answer to a question submitted to that Board in connection with the administration of the principal and original Award.

The question relates to that aspect of the original Award which provided for the creation of Special Boards in various localities where the carriers requested a reduction in the number of members of train crews. The principal Award in Section III, Part C, enunciated a number of considerations which it called guidelines, to be guides to these local Boards in reaching their decisions. The ruling of the Arbitration Board overruled certain objections to the procedure followed by the Special Board involved in this matter.

It should be emphasized that the question before the Court is not whether the Special Board of Adjustment proceeded erroneously or improperly, but whether the Arbitration Board erred in reaching the conclusion that the Special Board proceeded properly. So, too, it must be borne in mind that the scope of review by the Court of rulings of the Arbitration Board is very limited. It is not as extensive as the scope of review of rulings and decisions of administrative agencies.

Section 9 of the Railway Labor Act, 45 U.S.C. § 159, limits the authority of the Court in a proceeding to impeach an award or a ruling of an Arbitration Board to three grounds. The first ground is that the award plainly fails to conform to substantive requirements laid down by the Act or that the proceedings were not substantially in conformity with the Act. The second aspect of possible review is that the award fails to conform or confine itself to the stipulation of the agreement to arbitrate. The final ground for possible impeachment is fraud or corruption.

 The motion to impeach the Award in this case has two aspects. The first relates to the failure to make a transcript of the proceedings and of the evidence before the Special Board and the question as to who should bear the cost of doing so. The Court is of the opinion that this aspect of the matter has been determined by this Court in a prior proceeding, In re Certain Carriers, etc., 248 F.Supp. 1008, to which the Court refers and which the Court will follow in this instance. In that case the Court held that the objections of the type to which reference has just been made are not tenable.

The second aspect of the impeachment motion is based on the fact that the Special Board considered as evidence the awards of other Special Boards in similar cases. Board 282 held that there was no basis for concluding that the award of the Special Board of Adjustment was invalid. This Court finds no basis for concluding that there is any error in this ruling of the type that would subject it to being impeached.

Actually, it must be borne in mind that the common law rules of evidence are not binding and do not apply to proceedings before Arbitration Boards. They do not even entirely apply to the proceedings before administrative agencies, and certainly not to arbitration proceedings. There is nothing unreasonable or basically wrong in considering what has been done in other similar cases.

It is argued by counsel, however, that the guidelines that are binding on the Special Boards and that are enumerated in the principal Award of Board 282, do not include a consideration of awards made in other similar proceedings. The guidelines, however, relate to matters of substance, not to matters of evidence. Consequently, this argument is untenable.

So, too, it is argued that it is the duty of the Special Board to confine itself to the situation presented in the particular case before it. There is no question but that this is correct. In reaching a conclusion, however, there is nothing to prevent it from weighing what has been done in other similar cases. Whether we consider the reference to awards of other Special Boards as an application of the rule of *stare decisis* or as an admission of such awards as evidence, there is nothing inconsistent in such a course with a compliance with the guidelines and other provisions of Award 282.

In view of these considerations, the Court finds no basis for impeaching and setting aside the ruling of Board 282 involved in this motion, and the motion is denied.

Counsel may submit an appropriate order.