NORTHWESTERN SECURITY INSURANCE COMPANY, AND GUARANTY SECURITY INSURANCE COMPANY, APPELLANTS, v. RICHARD CLARK, INDIVIDUALLY, AUDREY CLARK, INDIVIDUALLY, AND AUDREY CLARK, SPECIAL ADMINISTRATRIX OF THE ESTATE OF MICHAEL KENT CLARK, DECEASED, RESPONDENTS.

No. 5542

December 13, 1968 448 P.2d 39

*Morse, Graves, Parraguirre & Rose,* and *Kent W. Michael-son,* of Las Vegas, for Appellants.

*Wiener, Goldwater & Galatz,* and *J. Charles Thompson,* of Las Vegas, for Respondents.

## OPINION

By the Court, COLLINS, J.:

This is an appeal from a district court judgment enforcing an arbitration award in a dispute between two automobile insurance companies and the heirs and estate of the deceased insured.

Respondents cross-appeal the district court's assumption of jurisdiction over the dispute.

Michael Kent Clark was killed in an accident while a passenger in a nonowned vehicle driven by an uninsured host. Clark was insured in two separate unrelated policies issued by

appellant insurance companies which provided uninsured motorist coverage with limits for each policy of $10,000 for each person and $20,000 for each accident. He paid the full premium for the coverage under each policy.

This action was brought by and on behalf of the surviving heirs of the deceased and sought damages accruing to them by reason of his death. Each policy contained an "other insurance" provision. The following paragraph, identical in wording, appeared in that section of each policy:

"[I]f the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Each policy also contained an identical arbitration clause which reads:

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this part."

A controversy arose between the claimants under the policies and the insurance companies and between the insurers themselves. The controversy was referred to an arbitrator who, after lengthy hearings, awarded Clark's heirs and estate $17,000. The arbitrator also found that an uninsured motorist, through gross negligence, proximately caused the death of Michael Kent Clark, a guest. He prorated the award equally between the two insurers, less any medical expenses paid by the companies.

The parties to the arbitration entered into a stipulation before the arbitrator which set forth, along with certain agreements, the following issues:

1. That the guest statute was in issue on the question of liability.

2. The amount of the damages.

3. Which, if either, policy applied, and if so the liability of the insurers under those policies.

4. Whether the driver was an uninsured motorist.

5. That there was no waiver of the rights of any of the parties to pursue by any legal means the jurisdiction of the arbitrator over any of the foregoing issues.

Following entry of the arbitration award, respondents petitioned the district court for confirmation of the award.[1] Appellants objected to the petition and asked the lower court to vacate, modify or correct the award on the principal ground that the award was in excess of the policy limits or coverage, and thus the arbitrator exceeded his jurisdiction by proration of the $17,000 damage award equally between the two insurers. Respondents countered that position by contending the court had no authority to review the award of the arbitrator and had jurisdiction only to confirm the award as made by the arbitrator.

The lower court ruled it did have jurisdiction to hear and determine the issues raised by appellants' objections, but that the objections were without merit, and thereupon approved the arbitrator's award in total.

From that order both sides appeal; appellant from the order approving the arbitration awards; respondents from the determination of the lower court that it had jurisdiction to consider the objections.

The issues before us for decision are:

1. Did the arbitrator exceed his powers in determining the controversy submitted to him?

2. Did the trial court properly exercise its power to review and enforce the arbitration award?

Other issues are obviously present in this case such as:

1. Did the arbitrator and lower court properly interpret the policy clauses involved here?

2. What is meant by similar insurance under the uninsured motorist provision of the policy and should any loss be pro-rated in proportion to the higher limit of liability under that policy and other similar insurance?

However, we do not reach the latter issues in this opinion

---

[1] "38.160 *Court Confirmation of Award.* At any time within 3 months after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is vacated, modified or corrected, as provided in NRS 38.170 and 38.180. Notice in writing of the motion must be served upon the adverse party, or his attorney, 5 days before the hearing thereof."

because we conclude that the first two issues are decisive of the matter, and affirm the judgment below.

1. The question of coverage under the policies was submitted to the arbitrator by the parties, and he had not only the right but the power or jurisdiction to decide that issue of law. We think that the stipulation of the parties relating to the issues submitted to the arbitrator, No. 3 above, expressly related to the question of coverage. The arbitrator having decided the issue against appellants, they are bound by that decision unless under the same stipulation where they reserved the right to pursue legal review of the jurisdiction of the arbitrator, he exceeded his jurisdiction, or unless the arbitrator exceeded his power under Nevada statutes regulating arbitrations. An arbitrator may decide all issues voluntarily submitted to him. The range of his decision is bound only by the scope of the submission. 5 Cal.Jur.2d *Arbitration and Award* §§ 44–45 (1967); D. Blashfield, *Automobile Law and Practice* § 332.6 (3d ed. 1966); G. Couch, *Cyclopedia of Insurance Law* §§ 50:224–26, 228–30 (2d ed. 1965). NRS 38.030; Forrest v. Hotel Conquistador, 14 Cal.Rptr. 349 (Cal.App. 1961); Pacific Fire Rating Bureau v. Bookbinder's and Bindery Women's Union No. 31–125, 251 P.2d 694 (Cal.App. 1952); Bierlein v. Johnson, 166 P.2d 644 (Cal.App. 1946); Hetherington v. Continental Ins. Co., 37 N.E.2d 366 (Ill.App. 1941); Schreck v. Standard Acc. Ins. Co., 156 A. 565 (Pa. 1931).

The arbitration agreements in both policies, quoted above, are identical and clearly broad enough to encompass both questions of fact and law. Both types of questions or issues were submitted to the arbitrator as shown by the stipulation of the parties.

It is true under the Nevada statute[2] the arbitrator or any party could have submitted any question of law to the court for an opinion and would have been bound by such opinion.

---

[2]"38.140 *Arbitrators May Submit Questions of Law to Court; May State Final Award in Form of Conclusion of Fact.* The arbitrators may, on their own motion, and shall by request of a party to the arbitration:

"1. At any state of the proceedings submit any question of law arising in the course of the hearing for the opinion of the court, stating the facts upon which the question arises, and such opinion when given shall bind the arbitrators in the making of their award.

"2. State their final award in the form of a conclusion of fact for the opinion of the court on the questions of law arising on the hearing."

But not having done so, they are deemed to have consented to the arbitrator's decision on that issue of law and may not thereafter attack his decision even if erroneous. Fisher v. State Farm Mutual Auto Ins. Co., 52 Cal.Rptr. 721 (1966); Jordan v. Pacific Auto Ins. Co., 42 Cal.Rptr. 556 (1965); Inter-insurance Exchange of Auto. Club of So. Cal. v. Bailes, 33 Cal.Rptr. 333 (Cal.App. 1963); Morceau v. Gould-Nat'l. Batteries, Inc., 181 N.E.2d 664 (Mass. 1962); Wilcox v. Utica Mutual Ins. Co., 236 N.Y.S.2d 119 (1962). Cf. Agricultural Ins. Co. v. Biltz, 57 Nev. 370, 381, 64 P.2d 1042 (1937).

2. The trial court could entertain appellants' motion to vacate, modify or correct the award, but because of the breadth of the submission as disclosed in the preceding section of this opinion, its jurisdiction was limited to the provisions of NRS 38.170[3] and 38.180.[4]

Obviously, the lower court failed to find any grounds for

---

[3]"38.170 *Vacation of Award by Court; Rehearing.*

"1. In any of the following cases the court shall, after notice and hearing, make an order vacating the award upon the application of any party to the arbitration:

"(a) Where the award was procured by corruption, fraud or other undue means.

"(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

"(c) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"2. Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."

[4]"38.180 *Modification or Correction of Award.*

"1. In any of the following cases, the court shall, after notice and hearing, make an order modifying or correcting the award, upon the application of any party to the arbitration:

"(a) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award.

"(b) Where the arbitrators have awarded upon a matter not submitted to them.

"(c) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

"2. The order must modify and correct the award, so as to effect the intent thereof."

vacation or modification of the award under either NRS 38.170 or 38.180. Likewise, the lower court found, in approving the award, the question of coverage under the policies was submitted to the arbitrator and decided by him. We agree with both conclusions.

The judgment is affirmed.

THOMPSON, C. J., ZENOFF, and MOWBRAY, JJ., and WILKES, D. J., concur.