UNITED SERVICES AUTOMOBILE ASSOCIATION, APPELLANT, v. DERALD D. DOKTER, RESPONDENT.

No. 6197

December 28, 1970                    478 P.2d 583

918

*Dickerson, Miles & Gang,* of Las Vegas, for Appellant.

*Foley Brothers* and *Thomas D. Beatty,* of Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This is an action for declaratory judgment commenced by Dokter, the insured, against United Services Automobile Association, his insurer. The insured, a pedestrian, was struck and severely injured by an uninsured motorist. At the time of this misfortune he owned two cars. Each was insured by a separate policy issued by United Services Automobile Association. Each policy provided uninsured motorist protection to a limit of $10,000. An arbitrator found Dokter's damages to exceed $20,000. The arbitrator, however, declined to rule on whether the insured was entitled to recover under both policies or just

one. That issue was reserved for court adjudication. Cf. Northwestern Sec. Ins. Co. v. Clark, 84 Nev. 716, 448 P.2d 39 (1968). The district court ruled for the insured and ordered the insurer to pay him $20,000. This appeal ensued. At issue is the effect to be given the "other insurance" clause contained in each policy. That clause provides that "if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." We turn to resolve this question.

1. To draw the issue of this case more precisely into focus it may be worthwhile to note related matters which are not before us. Several cases have considered the "other insurance" clause in relation to a state statute requiring insurers to provide uninsured motorist coverage.[1] Since 1967 Nevada has had such a statute. That statute, however, does not bear upon this case since the insurance policies were written before it became operative. Consequently, those cases are not particularly useful here. Other cases have been concerned with the interplay between the "other insurance" clause and the "excess clause" when the injured claimant occupied a car when hurt.[2] We are not here concerned with the "excess clause" since the claimant insured was a pedestrian and not an occupant of an insured motor vehicle. Finally, most of the cases concern multiple policies written by different insurers. The case at hand involves two policies written by the same insurance company. These distinctions are significant. Accordingly, our issue is a narrow one—may a pedestrian, who is the named insured under two automobile policies written by the same insurance company, recover under the uninsured motorist provision of each policy where each includes an "other insurance" clause prorating the loss between available policies and deeming the loss not to be in excess of the higher of the applicable limits of the available policies?

2. The other insurance clause is not free of ambiguity when considered within the context of this case. Its purpose is

---

[1] Cases collected: Annot. 28 A.L.R.3d 551: "Uninsured Motorist Insurance: Validity and Construction of 'Other Insurance' Provisions."

[2] For example: Smith v. Pacific Automobile Insurance Co., 400 P.2d 512 (Ore. 1965).

twofold—to prorate the loss and to fix the limit thereof. Obviously, there is no purpose in proration unless the "other insurance" was written by another company, since that provision is designed to preclude payment of a disproportionate amount of a loss shared with another company. Deterding v. State Farm Mutual Automobile Ins. Co., 222 N.E.2d 523 (Ill.App. 1966); Safeco Ins. Co. of America v. Robey, 399 F.2d 330 (8 Cir. 1968); Woolston v. State Farm Mutual Ins. Co., 306 F.Supp. 738 (W.D. Ark. 1969); cf. Government Employees Ins. Co. v. Sweet, 186 So.2d 95 (Fla.App. 1966).[3] Accordingly, in the cited cases the courts declined to apply the "other insurance" clause to limit recovery when the same insurance company issued both policies. Because the insured would not reasonably anticipate the construction urged, this clause is ambiguous in this situation and is to be construed against the insurer. Home Indemnity Co. v. Desert Palace, Inc., 86 Nev. 234, 468 P.2d 19 (1970). The insured does not receive a windfall since he paid two separate premiums for the indemnity of two separate policies. Sturdy v. Allied Mutual Ins. Co., 457 P.2d 34 (Kan. 1969). We hold that where the insurer issues two automobile policies containing uninsured motorist coverage, the extent of coverage is the combined total amount of such policies, and actual damages sustained by the insured are recoverable to the full extent of the combined limits of both policies.

Affirmed.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

YOUNG, D. J., dissenting:

The issue to be decided in this case is whether there is any ambiguity in the "other insurance" clause involved in the insurance policies in this matter. The majority of the court indicates that there is no ambiguity in the "other insurance" clause when two different insurance companies are involved, but that an ambiguity arises when the same insurance company issues two policies to the same person. I do not agree with this contention. We are concerned here with insurance policies and their interpretation, not insurance companies. A careful reading of the language in the "other insurance" clause shows that it is free from ambiguity. The clause clearly states that the limit of liability is the highest amount of liability set forth in all policies

---

[3]Woolston, supra, is distinguishable from M.F.A. Mutual Ins. Co. v. Wallace, 431 S.W.2d 742 (Ark. 1968), in that the policy in the latter case contained a clause specifically and unambiguously covering this situation.

involved, whether the policies are with the same company or different companies. The clause also clearly fixes the liability of a company under each policy on a pro rata share basis. Horr v. Detroit Automobile Inter-Insurance Exchange, 153 N.W.2d 655 (Mich. 1967).

Thus, in the instant case the maximum limit of liability under either policy is $10,000.00 and the company is liable in the amount of $5,000.00 under each policy, or a total of $10,000.00 under both policies. I would reverse.