IBEW LOCAL 396, Appellant, *v.* CENTRAL TELEPHONE COMPANY, Respondent.

In the Matter of ARBITRATION BETWEEN CENTRAL TELEPHONE COMPANY and IBEW LOCAL 396.

No. 9172

July 26, 1978
581 P.2d 865

*John Peter Lee, Ltd.,* Las Vegas, for Appellant.

*Neil J. Beller,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

IBEW Local 396, on behalf of one of its union members, William McNair, appeals from a judgment by the district court which affirmed an arbitration award discharging McNair. Finding the arbitration board acted within the scope of its authority we affirm the district court's judgment.

McNair's discharge emanates from incidents which occurred during a strike called by IBEW against respondent, Central Telephone Company (hereinafter "CENTEL"). During negotiations on a new contract, CENTEL sustained damage to company property which disrupted service in the Las Vegas area. After the strike was settled, Randy Winn, a CENTEL employee, signed statements indicating that he, McNair, and two other individuals were responsible for some of the damage. On February 11, 1974, CENTEL discharged McNair and Winn. McNair subsequently filed a written grievance pursuant to his union contract with CENTEL, protesting the discharge to an arbitration board. In a 2-1 decision, the board denied McNair's claim, and affirmed his discharge. The district court thereafter denied IBEW's motion to vacate the arbitration award. IBEW here appeals from that judgment contending (1) the arbitrators exceeded their authority, and (2) the arbitration hearing was conducted in an atmosphere of substantial prejudice.

1.   IBEW first contends the district court erred by denying

its motion to vacate the arbitration award, because the arbitrators exceeded their authority. *See* NRS 38.145(1)(c).[1] In support of this contention IBEW insists it was improper for the arbitrators to consider McNair's status as a "Chief Steward" in justifying his discharge.[2]

In considering this issue as framed we note that judicial review of arbitration awards is governed by the following principles: (1) the function of a reviewing court is limited "to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract," Steelworkers v. American Mfg. Co., 363 U.S. 564, 568 (1960); (2) an arbitrator's award must be based on the collective bargaining agreement, and must be enforced by the courts even if the arbitrator's interpretation of the contract is ambiguous or would differ from the court's interpretation;[3] Steelworkers v. Enterprise Corp., 363 U.S. 593 (1960); and (3) the arbitrator's decision "is bound only by the scope of the submission." Northwestern Sec. Ins. Co. v. Clark, 84 Nev. 716, 720, 448 P.2d 39, 41 (1968); *Enterprise,* cited above, at 598.

Using these principles we find the arbitrators did not exceed their authority as claimed. The original submission to the arbitration board was broadly phrased: "whether McNair had been

[1] NRS 38.145 provides in pertinent part:

"1. Upon application of a party, the court shall vacate an award where:

"(a) . . .

"(b) . . .

"(c) The arbitrators exceeded their power, . . .

[2] The majority of the arbitration board found in relevant part:

"McNair's testimony was vague, evasive and inconsistent.

". . . while the evidence as to Mr. McNair actually cutting any cables is inconclusive, there is ample evidence that he knew the others in the group . . . cut cables and he did nothing to try to prevent it.

". . . McNair as Chief Steward . . . had a responsibility to endeavor to lead the group away from damaging Company property. His testimony shows he made no effort to prevent what he knew was about to take place, only turned his back so he wouldn't see it.

". . . McNair's failure to act to prevent others from doing damage to Company property when he, as Chief Steward, was in a position to do so constitutes just and sufficient cause for his termination by the Company."

[3] In this regard the Supreme Court has noted: "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it . . . The ablest judge cannot be expected to bring the same experience and competence to bear upon the determination of a grievance, because he cannot be similarly informed." Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 581–582 (1960).

discharged for cause." At the arbitration hearing CENTEL additionally sought, without objection, consideration of McNair's status as a "Chief Steward." Therefore, since the arbitrators stayed within the scope of the submissions, the district court made no error by refusing to vacate the award. *Cf. Enterprise,* cited above at 598; *Northwestern,* cited above; Safeway Stores v. American Bakery & Con. W.I.U., Local 111, 390 F.2d 79 (5th Cir. 1968).

2.    IBEW next attacks the award by claiming the arbitrators did not comply with NRS 38.145(1)(d).[4] IBEW claims the hearing should have been postponed, so that the arbitrators would not rely on the hearsay statements of Randy Winn.[5] It is well established that the common law rules of evidence do not apply to arbitration proceedings. Brotherhood of Rail. Train. v. St. Louis Southwestern Ry. Co., 252 F.Supp. 961, (D.C. Cir. 1966). Hearsay is admissible. *See, e.g.,* Petroleum Separating Co. v. Interamerican Refining Corp., 296 F.2d 124 (2nd Cir. 1961). Moreover, the arbitrators expressly stated that they did not rely on Winn's hearsay statements as the basis for their decision. Therefore, the arbitrators made no error by admitting the hearsay evidence, or refusing to postpone the hearing.

Affirmed.

---

[4]NRS 38.145 provides in pertinent part:

"1.    Upon application of a party, the court shall vacate an award where:

"(a) . . .

"(b) . . .

"(c) . . .

"(d) The arbitrator refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of NRS 38.075, as to prejudice substantially the rights of a party; or . . ."

[5]Winn refused to testify at the arbitration hearing due to pending criminal proceedings. CENTEL therefore introduced his prior written statements into evidence to implicate McNair.