RONALD T. COURY, DANIEL HUGHES AND SUBURBAN ENTERPRISES, INC., DBA THIRSTBUSTERS, A NEVADA CORPORATION, APPELLANTS/CROSS-RESPONDENTS, v. SUSAN ROBISON, IN HER CAPACITY AS CITY CLERK, CITY OF HENDERSON, NEVADA, ROBERT GROESBECK, DAVID WOOD, AMANDA CYPHERS, ANDY HAFEN AND JACK CLARK, RESPONDENTS/CROSS-APPELLANTS.

No. 29836

April 26, 1999

976 P.2d 518

---

[2]THE HONORABLE A. WILLIAM MAUPIN, Justice, voluntarily recused himself from the decision of this matter.

[Rehearing dismissed October 20, 1999]

*Lionel Sawyer & Collins* and *Todd Touton* and *Colin Adkins,* Las Vegas, for Appellants/Cross-Respondents.

*Kirshman Harris & Branton* and *William E. Cooper, Jr.,* Las Vegas, for Respondents/Cross-Appellants.

## OPINION

*Per Curiam:*

Appellants, Ronald Coury ("Coury") and Daniel Hughes ("Hughes"), through Suburban Enterprises, Inc., operate a tavern known as "Thirstbusters" in Henderson, Nevada. In 1989, Thirstbusters was approved for a restricted gaming license to operate fifteen gaming machines. In 1991, Thirstbusters applied for a limited gaming license and corresponding use permit in order to expand its gaming operations. In December of 1991, the Henderson city council denied the application, purportedly to limit expansion of gaming in Thirstbusters' geographic area.

Appellants filed an action in district court to contest this denial. The action was resolved in May of 1992 by agreement providing that the city council would grant appellants a limited gaming license and use permit restricted to forty gaming machines. Appellants agreed thereby never to seek a further increase in this number as long as they were the sole shareholders of the corporation.

From June 1992 through December 1995, the city council approved at least eighteen applications for limited, or more extensive, gaming licenses for competing establishments in the same geographic area as Thirstbusters. Thereafter, appellants requested reconsideration of the settlement agreement's restrictions so that Thirstbusters could submit a use permit application for additional gaming machines. The city council refused. Appellants then submitted a formal application for a special use permit requesting removal of the forty-machine restriction from the settlement agreement. The city clerk refused to file the application or place the matter on the agenda.

In April 1996, appellants filed an action in the district court, seeking (1) writ relief compelling the city clerk to file the application and place the matter on the agenda, and (2) a judicial declaration that the conditions placed on Thirstbusters' use permit were void as a matter of law. Respondents filed a counterclaim and third-party complaint, seeking to force appellants to disgorge as unjust enrichment all income and profits derived from the oper-

ation of the twenty-five additional machines awarded in the settlement agreement.

On June 14, 1996, the district court issued a writ of mandate directing the city clerk to accept the application and place the matter on the city council agenda in the ordinary course. The city clerk complied on June 24, 1996, but the city council again refused to consider the application. On September 14 and 16, 1996, appellants and respondents filed cross-motions for summary judgment on the claims for declaratory relief.

Soon thereafter, appellants noticed the depositions of eleven individuals, including the city council members and City Attorney Shauna Hughes, in an attempt to determine respondents' motives for filing the counterclaims and third-party complaint, and whether these claims were properly verified. On September 26, 1996, respondents moved the district court for a protective order to stop these discovery efforts. On November 7, 1996, appellants filed separate motions for leave to conduct this discovery and for summary judgment on respondents' counterclaims and third-party claims.

In the interim, on October 22, 1996, without formal comment, the district court dismissed the declaratory relief action after ruling on the cross-motions for summary judgment.

Thereafter, also without formal comment, the district court (1) granted appellants' summary judgment with regard to respondents' counterclaims and third-party complaint, (2) denied appellants' motion for leave to conduct limited discovery regarding alleged NRCP 11 violations, and (3) denied respondents' motions for a protective order and attorney fees.

### Dismissal of appellants' declaratory judgment action

Appellants contend the district court erred in dismissing their declaratory judgment action for the following reasons: (a) a genuine issue of fact exists as to whether respondents misrepresented their intentions and, thereby, fraudulently induced appellants to enter into the settlement agreement; (b) the agreement was void as an "ultra vires" act of the city council; and (c) a "doctrine of changed conditions" rendered invalid the forty-machine restriction in the agreement.

NRCP 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "A genuine issue of material fact is one where the evidence is such that a reasonable jury could return a verdict for the non-moving party." Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 441 (1993).

This court reviews orders granting summary judgment de novo. *See* Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992). In determining whether any genuine issues of material fact exist, the pleadings and proof offered below must be construed in the light most favorable to the non-moving party. *Id.*

## A. *The forty-machine restriction as ultra vires*

Appellants contend the forty-machine restriction and restriction in the settlement agreement forever precluding appellants from seeking increases in the number of gaming machines are ultra vires for the following reasons: (a) Henderson Municipal Code ("HMC") § 4.32.010 provides that a venue licensed for "limited gaming," such as Thirstbusters, is entitled to operate between 75 and 199 gaming machines, 9 live gaming tables, and a sports book; (b) the HMC does not authorize the city council to restrict limited gaming to fewer than seventy-five gaming devices; (c) the city council has no power to limit a conditional use permit to the present owner of the property so that the use permit does not run with the land; and (d) conditions that limit the use of land based on the identity of the owner are invalid.

HMC § 19.74.014 authorizes the city council to impose conditions and restrictions on use permits. "[A]s a general proposition of law, a municipality may properly enact a zoning ordinance authorizing it to impose reasonable conditions in granting a special use permit." Summit School v. Neugent, 82 N.E.2d 463, 466 (N.Y. 1981). Because the acquisition of a gaming license and use permit constitutes a privilege and not a property right, we conclude the city council can restrict appellants' gaming operations to forty machines[1] and can preclude appellants from seeking further increases in this number.

Accordingly, the restrictions in the settlement agreement are not void as a matter of law.

## B. *Changed circumstances*

Notwithstanding the facial validity of the agreement, we conclude the district court erred in dismissing appellants' declaratory judgment action on summary judgment. We adopt the doctrine of

---

[1] Nevertheless, the doctrine of changed conditions will render the restriction invalid if the purpose of the restriction cannot be effectuated.

changed conditions in the present context and conclude that the doctrine applies to agreements like that at issue in this case.[2] In doing so, we conclude that there exists a genuine issue of material fact as to whether gaming conditions in the Henderson area have fundamentally changed since the signing of the settlement agreement so that the forty-machine restriction may constitute an inequitable and oppressive restriction on appellants' use of their property and confers no benefit upon respondents.

> The doctrine of changed conditions operates to prevent the perpetuation of inequitable and oppressive restrictions on land use and development that would merely harass or injure one party without benefiting the other. . . . [It] is an equitable doctrine which stays enforcement of unreasonably burdensome restrictions on land use, notwithstanding an agreement between the parties specifying the intended duration of the restrictions.

Cortese v. United States, 782 F.2d 845, 850-51 (9th Cir. 1985) (citations omitted).

We have previously applied the doctrine of changed conditions in the restrictive covenant context and have concluded that the changed conditions must be so fundamental that they thwart the original purpose of the restriction. *See* Gladstone v. Gregory, 95 Nev. 474, 478, 596 P.2d 491, 494 (1979). In *Gladstone*, this required a showing that the restriction was of no appreciable value to other property owners and that it would be inequitable or oppressive to enforce the restriction. *Id.*

We now adopt the doctrine in the present context and direct the district court to remand the issue to the city council so that the city council can make findings as to whether changed conditions, if any, have thwarted the original purpose of the forty-machine restriction—to limit gaming in the Henderson area. If the geographical limitation on gaming is no longer in effect, the application for removal of the restriction in the agreement must be granted.[3]

*Dismissal of respondents' counterclaims with prejudice*

Respondents contend the district court erred in dismissing their counterclaims and third-party complaint with prejudice because,

---

[2]By our decision today, we do not hold that the doctrine of changed circumstances applies generally to the issuance of privileged licenses. We merely hold that the doctrine applies to the settlement agreement in the case at bar and agreements of a similar nature.

[3]Appellants did not allege a cause of action for fraud or misrepresentation in their complaint. Consequently, that issue is not properly before this court.

should this court reverse the district court and either invalidate the forty-machine restriction or remand to the district court the issue of whether changed conditions render the restriction invalid, the settlement agreement conferred a benefit upon appellants in the form of profits generated from the operation of the twenty-five additional machines approved via the original settlement that enriched appellants unjustly.

We conclude the district court's dismissal of respondents' counterclaims and third-party complaint with prejudice was warranted because those claims lack merit as a matter of law. *See* Home Sav. Ass'n v. Aetna Cas. & Sur. Co., 109 Nev. 558, 563, 854 P.2d 851, 854 (1993). Appellants were not unjustly enriched as a result of their operation of the twenty-five additional gaming machines. Any benefit that appellants retained as a result of the settlement agreement (i.e., profits derived from the operation of the twenty-five additional gaming machines) neither belonged to respondents nor conferred upon them a loss. ''[U]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another. Unjust enrichment is the unjust retention of a benefit to the loss of another . . . .'' Nevada Industrial Dev. v. Benedetti, 103 Nev. 360, 363 n.2, 741 P.2d 802, 804 n.2 (1987) (citations omitted).

*Attorney fees*

In their motion for attorney fees, respondents argued that (1) appellants abused the discovery process, *see* NRCP 26(c) and 37(a)(4), by noticing depositions at a time when appellants' motions for summary judgment were before the district court; and (2) appellants utilized unreasonable and vexatious litigation tactics in derogation of NRS 18.010(2)(b) by asserting that respondents' counterclaims and third-party complaint constituted an abuse of process. Respondents contend that the district court committed error in denying this motion.

Attorney fees are not recoverable absent a statute, rule, or contract provision to the contrary. *See* Rowland v. Lepire, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983). Here, both parties were denied relief under these discovery motions. Thus, there was no abuse of discretion with regard to the claim of attorney fees under NRCP 26(c) and 37(a)(4).

With regard to the claim for statutory fees, NRS 18.010(2)(b) provides in relevant part, ''the court may make an allowance of attorney's fees to a *prevailing party* . . . [when the] . . . defense of the opposing party was brought without reasonable ground or

to harass the prevailing party." (Emphasis added.) Respondents are not entitled to attorney fees under NRS 18.010 because they were not the "prevailing part[ies]" with respect to the counterclaims and third-party claims.[4]

Accordingly, we hereby reverse the district court as to the claim for declarative relief and remand this matter to the district court for further proceedings consistent with this opinion. On remand, the district court should stay the declaratory judgment action pending reconsideration by the Henderson City Council as to whether circumstances in Henderson have changed so as to render the settlement agreement's forty-machine restriction invalid under the doctrine of changed conditions. In the event that the city's determination is adverse to appellants, the district court may take whatever appropriate action it deems necessary with regard to this declaratory relief action, including a trial of the contract issues presented therein. In all other respects, the decisions below are affirmed.[5]

---

[4]Appellants contend that they should have been allowed limited discovery to support an application for sanctions under NRCP 11 in connection with respondent's counterclaim for unjust enrichment. Although we have determined that the counterclaim was invalid as a matter of law, we conclude that Rule 11 is not implicated. *See* Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-32 (9th Cir. 1986), *abrogated on other grounds by* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); *see also* Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365 (9th Cir. 1990); Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987).

With regard to this issue, we reiterate that the interpretation of a federal counterpart to a Nevada Rule of Civil Procedure is not controlling, but may be persuasive. Dousan v. Gustavson, 108 Nev. 517, 520-21, 835 P.2d 795, 797 (1992).

[5]THE HONORABLE CLIFF YOUNG, Justice, and THE HONORABLE MYRON E. LEAVITT, Justice, voluntarily recused themselves from participation in the decision of this appeal.