**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAN M. JOJOLA; ELEANOR BARCELON; JAYANN JACKSON; CATHRYN LUM, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMERICAN PACIFIC CORPORATION; JULIE BUCKMAN, <br><br> Defendants-Appellees. | No.  14-17481 <br><br> D.C. No. 2:14-cv-01492-JCM-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 15, 2017[**]
San Francisco, California

Before:  CANBY, SILER,[***] and HURWITZ, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Joan M. Jojola, Eleanor Barcelon, Jayann Jackson, and Cathryn Lum ("Plaintiffs") appeal the district court's dismissal of their complaint for failure to state a claim upon which relief can be granted. They argue that the district court (1) erred by dismissing the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and (2) abused its discretion by granting the defendants' motion to dismiss prior to a scheduled Early Neutral Evaluation ("ENE") session. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Plaintiffs' federal employment discrimination and Nevada state law claims. Plaintiffs' complaint fails to state claims for employment discrimination based on gender, race, and religion because it lacks facts plausibly suggesting that Plaintiffs experienced "explicit or constructive alterations in the terms or conditions of employment" due to their status in a protected class. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 752 (1998); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint also fails to set forth facts establishing plausible claims under Nevada state law for intentional infliction of emotional distress and unjust enrichment. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) (listing elements of an intentional infliction of emotional distress claim); *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) (unjust enrichment). Plaintiffs did not present to the district court

2

independent claims for declaratory and injunctive relief. They cannot do so for the first time on appeal. *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1063 (9th Cir. 1996).

2. The district court did not abuse its discretion by dismissing Plaintiffs' complaint before the scheduled ENE session. Neither this court's case law nor the District of Nevada's local rules preclude a Nevada district court from ruling on a dispositive motion prior to a scheduled ENE session. *See* D. Nev. Local Rule 16-6.

3. Plaintiffs argue that this court should consider the Nevada Department of Employment, Training and Rehabilitation's (DETR) decision awarding Jackson unemployment benefits. *See* . The DETR's decision is not part of the record on appeal, as Plaintiffs failed to present it to the district court. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988). And the DETR's decision is not relevant to the question whether the Plaintiffs' complaint states a claim for relief. *See Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010). We therefore deny Plaintiffs' request for judicial notice.

**AFFIRMED.**