An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PAHRUMP FIRE RESCUE I.A.F.F.
LOCAL 4068, A NEVADA NON-PROFIT
CO-OP CORPORATION,
Appellant,
vs.
TOWN OF PAHRUMP, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 64270

**FILED**

JUN 1 1 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER OF REVERSAL*

This is an appeal from a district court order vacating an arbitration award on an employment termination matter. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Chris Van Leuven, a member of appellant Pahrump Fire Rescue I.A.F.F. Local 4068, was involved in an accident while driving an ambulance. After an investigation, respondent Town of Pahrump terminated Van Leuven for negligence and dishonesty. Pursuant to the collective bargaining agreement, Van Leuven and Local 4068 filed a grievance, resulting in binding arbitration amongst the parties. The arbitrator found that the Town did not meet its burden to prove that Van Leuven was dishonest, and thus termination was not warranted, but that the evidence demonstrated that Van Leuven was negligent while driving the ambulance. The arbitrator left to the parties the appropriate level of discipline to impose, short of termination. The Town filed a motion to vacate the arbitration award with the district court, which vacated the arbitrator's award as arbitrary and capricious because, in its view, substantial evidence did not support the arbitrator's decision that Van Leuven was not dishonest. Local 4068 timely appealed, arguing that

15-17850

substantial evidence supports the arbitrator's award, which is not arbitrary or capricious. The Town opposes that argument and also argues that the arbitrator manifestly disregarded the law of employment arbitration.

The common law grounds under which a court may review private binding arbitration awards are "(1) whether the award is arbitrary, capricious, or unsupported by the agreement; and (2) whether the arbitrator manifestly disregarded the law."[1] *Clark Cnty. Educ. Ass'n v. Clark Cnty. Sch. Dist. (CCEA)*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006). Under the first ground, a court's "review is limited to whether the arbitrator's findings are supported by substantial evidence in the record." *Id.* at 344, 131 P.3d at 9-10. "Substantial evidence is evidence that a reasonable person would deem adequate to support a decision." *City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 899, 59 P.3d 1212, 1219 (2002).

Here, the issue is whether Van Leuven was dishonest when he stated that he applied the brakes but that the brakes failed. Evidence was presented that the ambulance's brakes were in good working condition and that there were skid marks on the road consistent with the ambulance's path of travel. A person in the back of the ambulance testified that he felt some braking deceleration.[2] Testimony was also

---

[1]Neither party advocates any statutory grounds under NRS 38.241(1).

[2]The arbitration hearing was not recorded and, thus, transcripts are not available. In the absence of transcripts, we have no option but to rely upon the arbitrator's detailed factual findings concerning the testimony elicited at the arbitration hearing. *Wichinsky v. Mosa*, 109 Nev. 84, 87, 847 P.2d 727, 729 (1993); *see Gittings v. Hartz*, 116 Nev. 386, 393 n.6, 996

*continued on next page...*

presented that the skid marks were old and could not be attributed to the ambulance. Van Leuven steadfastly testified that he attempted to apply the brakes before reaching a stop sign, but that nothing happened. The arbitrator found that, while the brakes did not fail and Van Leuven was negligent for not stopping, Van Leuven was also not dishonest because he honestly believed that he applied the brakes and they failed.

While the district court found irreconcilable differences between the findings that the brakes were in operable condition and that Van Leuven believed that he applied the brakes, making factual conclusions from this conflicting evidence is reserved for the arbitrator. *See CCEA*, 122 Nev. at 344, 131 P.3d at 9-10. In this regard, a finding that the brakes were in operable condition does not exclude the possibility that Van Leuven honestly believed that he applied the brakes; the brakes may not have been applied due to operator error or some other problem. Conflicting evidence was presented and the arbitrator's determination that Van Leuven was not dishonest was supported by substantial evidence. Accordingly, the district court erred by vacating the arbitration award.

As to the Town's manifest disregard of the law argument, the arbitrator did not ignore the Town's argument, based on *Southwest Gas Corp. v. Vargas*, 111 Nev. 1064, 901 P.2d 693 (1995), that termination was warranted based upon its reasonable, good faith belief that Van Leuven

---

...*continued*
P.2d 898, 902 n.6 (2000) (suggesting that an arbitrator's detailed factual findings might be sufficient to support a finding even without a transcript of the arbitration hearing or an NRAP 9(c) (previously NRAP 9(d)) type of statement).

was dishonest. Instead, the arbitrator considered and rejected the argument. Under the manifest disregard of the law standard, "the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law." *CCEA*, 122 Nev. at 342, 131 P.3d at 8 (quotation marks omitted). Thus, "we may not concern ourselves with the correctness of the arbitrator's" application of the law and must allow the arbitrator's conclusions on this issue to stand. *Id.* at 345, 131 P.3d at 10. Nevertheless, we also agree with the district court and the arbitrator that while an employer's reasonable, good faith belief that an employee was dishonest may shield the employer from claims for wrongful termination, *see Sw. Gas Corp.*, 111 Nev. at 1073-74, 901 P.2d at 698-99, this is not the standard applied in arbitration matters pursuant to a collective bargaining agreement, *IBEW Local 396 v. Cent. Tel. Co.*, 94 Nev. 491, 493, 581 P.2d 865, 867 (1978) ("[A]n arbitrator's award must be based on the collective bargaining agreement . . . .").

Accordingly, the arbitration award must stand, and we

ORDER the judgment of the district court REVERSED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Robert W. Lane, District Judge
           Kathleen M. Paustian, Settlement Judge
           McGannon Law Office, P.C.
           Rourke Law Firm
           Armstrong Teasdale, LLP/Reno
           Nye County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A