An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF NORTH LAS VEGAS,
Appellant,
vs.
LAZARIO RUIZ,
Respondent.

No. 63320

**FILED**

JUN 23 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting, on remand, a permanent injunction and motion to vacate an arbitration award in a government employment matter. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant the City of North Las Vegas (the City) employed respondent Lazario Ruiz as a police officer. Following an incident between Ruiz, his brother, and his brother-in-law, the City conducted an investigation and ultimately terminated Ruiz for unprofessional conduct and untruthfulness. The untruthfulness charge stemmed from four statements Ruiz made during the course of the investigation.

Ruiz's union challenged his termination in arbitration. The union moved to have Ruiz's four statements excluded, arguing that the City obtained them in violation of the Police Officer's Bill of Rights (POBR). The arbitrator did not exclude the statements, concluding that the City did not violate the POBR. In the end, the arbitrator upheld the City's termination of Ruiz on both grounds.

Ruiz then challenged the arbitration decision in district court under NRS 289.120. Following this court's decision in *Ruiz v. City of N. Las Vegas*, 127 Nev. 254, 262-65, 255 P.3d 216, 222-23 (2011), the district court heard Ruiz's challenge. Ruiz argued that the district court must

15-19177

exclude his statements and vacate the arbitration decision because the City obtained his statements in violation of his rights under the POBR, and the statements played a critical role in the arbitrator's decision.

The district court agreed with Ruiz. The district court excluded Ruiz's first statement, finding that the City obtained it in violation of the POBR, and his following three statements as fruit of the poisonous tree. Accordingly, the district court vacated the arbitrator's decision, remanded for a new arbitration on the unprofessional conduct charge, and threw out the untruthfulness charge. The City now brings this appeal.

Under common law grounds for reviewing arbitration rulings, we allow an arbitrator "broad discretion" in reaching decisions. *Clark Cnty. Educ. Ass'n v. Clark Cnty. Sch. Dist.*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006) (internal quotations omitted). We will only overturn an arbitrator's factual decisions if they are "arbitrary, capricious, or unsupported." *Id.* A decision is arbitrary, capricious, or unsupported, if it is not "supported by substantial evidence in the record." *Id.* at 344, 131 P.3d at 9-10. "Substantial evidence is defined as evidence that a reasonable mind might accept as adequate to support a conclusion." *Franchise Tax Bd. of Cal. v. Hyatt*, 130 Nev., Adv. Op. 71, 335 P.3d 125, 144 (2014) (internal quotations omitted). We will only overturn an arbitrator's legal decisions if he "manifestly disregarded the law." *Clark Cnty. Educ. Ass'n*, 122 Nev. at 341, 131 P.3d at 8. In determining whether an arbitrator manifestly disregarded the law, "the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law" or "missed the law." *Id.* at 342, 131 P.3d at 8-

9 (internal quotations omitted); *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. ___, ___, 133 S. Ct. 2064, 2068 (2013) (explaining that limited judicial review of arbitration decisions "maintains arbitration's essential virtue of resolving disputes straightaway" (internal quotations omitted)).

We conclude that substantial evidence supported the arbitrator's factual findings. Further, the arbitrator did not manifestly disregard the law. For instance, the arbitrator found that that the City did not violate the POBR when it obtained Ruiz's four statements. In contrast, the district court concluded that the City obtained the first statement in violation of the POBR, and the following three statements were fruit of the poisonous tree. The district court stated that the arbitrator's decision to "admit into evidence Officer Ruiz's four (4) statements was arbitrary and capricious, and made in manifest disregard of the law because the statements should have been suppressed as all were taken in violation of Officer Ruiz's rights." But the district court failed to explain how the arbitrator manifestly disregard the law, especially considering that Nevada has no case law applying the fruit of the poisonous tree doctrine to potential POBR violations.

We conclude that the district court did not apply the proper deference to the arbitrator's decision. Under the correct level of deference, the district court should have confirmed the arbitrator's decision. Further, because the arbitrator's decision was not arbitrary, capricious, or in manifest disregard of the law, the district court abused its discretion in granting Ruiz injunctive and extraordinary relief. *See Chateau Vegas Wine, Inc. v. S. Wine & Spirits of Am., Inc.*, 127 Nev., Adv. Op. 73, 265 P.3d 680, 684 (2011) (reviewing a "district court's decision to grant a

permanent injunction for an abuse of discretion"); *Nevadans for the Prot. of Prop. Rights, Inc. v. Heller*, 122 Nev. 894, 901, 141 P.3d 1235, 1240 (2006) (stating that "this court generally reviews a district court's denial of a request for extraordinary relief under an abuse of discretion standard"). On remand, we instruct the district court to enter an order confirming the arbitrator's decision.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Douglas

_____, J.          _____, J.
Cherry                                Saitta

_____, J.          _____, J.
Gibbons                               Pickering

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Eighth Judicial District Court Dept. 2
Lansford W. Levitt, Settlement Judge
Marquis Aurbach Coffing
Law Office of Daniel Marks
Eighth District Court Clerk