An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC JUDKINS,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 62695

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order confirming an arbitration award in a government employment matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Respondent employer terminated appellant's employment as a law enforcement officer for violating police department regulations regarding truthfulness. Appellant grieved his termination through arbitration under the parties' collective bargaining agreement, and the arbitrator upheld appellant's termination. Appellant challenged the arbitration decision in district court under NRS 289.120 and NRS Chapter 38, and the district court confirmed the arbitration award. Appellant challenges the arbitration award on appeal on the bases that (1) respondent violated provisions of NRS Chapter 289, known as the Peace Officer's Bill of Rights (POBR), and the district court applied the wrong standard of review in confirming the arbitration award; (2) the arbitrator arbitrarily and capriciously disregarded provisions of the collective bargaining agreement; and (3) the arbitrator's finding that appellant was willfully and knowingly dishonest in his internal affairs interview was arbitrary and capricious.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31613

In arguing that the district court erred by failing to apply a de novo standard of review in confirming the arbitrator's decision, appellant contends that because NRS 289.085 precludes the admission of evidence obtained during an investigation when that investigation violates provisions of the POBR, and the arbitrator allowed the admission of certain evidence in violation of NRS 289.060, the arbitrator's decision to affirm appellant's termination should not have been given deference. Under the common law standard of review for arbitration awards, however, an arbitrator is allowed "broad discretion" in rendering a decision. *See Clark Cnty. Educ. Ass'n v. Clark Cnty. Sch. Dist.*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006) (holding that the common law grounds under which a district court may review arbitration awards are "(1) whether the award is arbitrary, capricious, or unsupported by the agreement; and (2) whether the arbitrator manifestly disregarded the law"). Reviewing the arbitrator's admission of appellant's statements made during his internal affairs interview under this standard, we conclude that appellant has not shown that the arbitrator manifestly disregarded the law. *Id.* at 342, 131 P.3d at 8 (noting that under the manifest disregard of the law standard, "the issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law"). Here, the arbitrator's written findings specifically noted that NRS 289.060(3)(c) and (d) applied, and found that appellant was informed of the claims against him prior to the interview, was informed of the answers provided by other officers that contradicted his own, and was given an opportunity to explain his differing account of the incident. *See Clark Cnty. Educ. Ass'n*, 122 Nev. at 344-45, 131 P.3d at

10 (indicating that when an arbitrator recognizes and applies the law, the arbitrator does not manifestly disregard the law even if the arbitrator's interpretation of the law may be incorrect). Therefore, appellant has not shown that the arbitrator manifestly disregarded the law. NRS 289.060(3)(c) and (d); *Clark Cnty. Educ. Ass'n*, 122 Nev. at 342, 345, 131 P.3d at 8, 10.

We also conclude that appellant failed to show that the arbitrator arbitrarily and capriciously disregarded provisions of the collective bargaining agreement, including any possible violations of the POBR. *See Clark Cnty. Educ. Ass'n*, 122 Nev. at 344, 131 P.3d at 9-10 (stating that a court's "review [of whether an award is arbitrary, capricious, or unsupported by the agreement] is limited to whether the arbitrator's findings are supported by substantial evidence in the record"); *City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 899, 59 P.3d 1212, 1219 (2002) ("Substantial evidence is evidence that a reasonable person would deem adequate to support a decision."). In this case, the arbitrator specifically found that appellant was informed by internal affairs what other witnesses said about appellant's conduct and gave appellant an opportunity to explain his answer or refute the negative implication of his answer, as required by the collective bargaining agreement. The arbitration award also shows that substantial evidence supports the arbitrator's finding that respondent complied with the collective bargaining agreement's requirement that an untruthfulness finding be reviewed and approved by an assistant sheriff. The arbitration award notes that the disposition report was sent by email to the appropriate assistant sheriff and that no evidence was presented that the

assistant sheriff had not previously reviewed and approved the disposition.

Lastly we conclude that appellant has not shown that the arbitrator's finding that appellant was willfully and knowingly dishonest in his internal affairs interview was arbitrary and capricious. The arbitrator relied on the arrest report prepared at the time of the incident, the complaint filed against appellant, the testimony of two other officers, and appellant's contradictory testimony in reaching the untruthfulness conclusion. The evidence relied on by the arbitrator was such that a reasonable person would deem adequate to support the arbitrator's decision, and thus, the finding that appellant was willfully and knowingly dishonest in his internal affairs interview was not arbitrary or capricious. *Clark Cnty. Educ. Ass'n*, 122 Nev. at 344, 131 P.3d at 9-10; *City of Reno*, 118 Nev. at 899, 59 P.3d at 1219. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Kenneth C. Cory, District Judge
      Lansford W. Levitt, Settlement Judge
      Law Office of Daniel Marks
      Marquis Aurbach Coffing
      Eighth District Court Clerk