# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUMMA EMERGENCY ASSOCIATES, INC., A FOREIGN CORPORATION, Appellant, vs. EMERGENCY PHYSICIANS INSURANCE COMPANY, RISK RETENTION GROUP, A NEVADA CAPTIVE RECIPROCAL INSURANCE COMPANY, Respondent.

No. 67124

FILED

APR 21 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is an appeal from an order confirming in part an arbitrator's award and an order for attorney's fees. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Summa Emergency Associates, Inc. (Summa), contracted with Emergency Physicians Insurance Company (EPIC) for medical insurance in 2004. As part of the contract, EPIC, a new company, required its members to contribute surplus funds in addition to insurance premiums. The agreement did not guarantee that EPIC would ever repay the surplus contribution, and it explicitly prohibited Summa from demanding such a refund.

Years later, after EPIC disclosed to all of its partners that it had dismissed its management group because the group had misappropriated funds, Summa chose not to renew its coverage with EPIC. A year after leaving EPIC, Summa demanded a refund of its surplus contribution; EPIC refused.

Pursuant to the contract, the two parties arbitrated in Nevada. Although the arbitrator found that EPIC dealt in good faith, did not commit fraud, and did not breach the agreement, the arbitrator awarded Summa half of its surplus contribution. The arbitrator found that the contract was an adhesion contract, it lacked readily ascertainable terms and it became substantively unconscionable due to changed circumstances.

EPIC petitioned the district court to confirm the portions of the award absolving it from any wrongdoing and vacate the portion awarding a refund due to unconscionability. The district court agreed with EPIC and vacated the award because it found that the arbitrator manifestly disregarded the law and acted arbitrarily and capriciously when making the award. The district court also ordered attorney's fees and costs in favor of EPIC. Summa argues that the district court essentially reweighed the evidence to come to its conclusion, thus overstepping its authority. We agree.

This court reviews a district court's decision to vacate or confirm an arbitration award de novo. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 97, 127 P.3d 1057, 1067 (2006). The scope of a district court's review of an arbitration award, however, is limited. *Health Plan of Nev., Inc. v. Rainbow Med. LLC*, 120 Nev. 689, 695, 100 P.3d 172, 176 (2004). "The party seeking to attack the validity of an arbitration award has the burden of proving, by clear and convincing evidence, the statutory or common-law ground relied upon for challenging the award." *Id.*

The Nevada Arbitration Act provides specific statutory grounds for invalidating an arbitration award.[1] Additionally, there are two common-law grounds that a district court may utilize to vacate an arbitrator's award: (1) if "the award is arbitrary, capricious, or unsupported by the agreement;" or (2) if "the arbitrator manifestly disregarded the law." *Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006).

An arbitrator's finding is not arbitrary and capricious when it is a mere misinterpretation of the law, but only when it is a finding that is not supported by substantial evidence in the record. *Id.* at 343-44, 131 P.3d at 9-10. "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008).

"Judicial inquiry under the manifest-disregard-of-the-law standard is extremely limited." *Bohlmann v. Byron John Printz & Ash, Inc.*, 120 Nev. 543, 547, 96 P.3d 1155, 1158 (2004), *overruled on other grounds by Bass-Davis v. Davis*, 122 Nev. 442, 134 P.3d 103 (2006). Arbitrators are given great deference and "even if the arbitrator made an error of fact or misapplied the law," it is not in and of itself enough to label it a manifest disregard of the law. *Health Plan of Nev.*, 120 Nev. at 699, 100 P.3d at 179. "Manifest disregard of the law goes beyond whether the law was correctly interpreted, it encompasses a conscious disregard of applicable law." *Id.*

---

[1] *See* NRS 38.241. EPIC did not seek to vacate under the statutory grounds, thus, the district court focused solely on the common-law grounds.

Essentially, neither standard permits a district court to vacate an award based upon what it considers to be a mere misinterpretation of the law or upon reweighing the evidence. *Clark Cty. Educ. Ass'n*, 122 Nev. at 343, 131 P.3d at 9; *Bohlmann*, 120 Nev. at 547, 96 P.3d at 1158. From a policy standpoint, to allow the reviewing court to do so would defeat the purpose of arbitration because it would waste the parties' time and resources at arbitration, just to have the district court decide the issues anew. The record suggests, however, that is precisely what the district court did here.

Here, there was no clear and convincing evidence that the arbitrator either acted arbitrarily or capriciously or manifestly disregarded the law. The arbitrator relied upon evidence, including the fact that EPIC would eliminate the surplus requirement for new members without crediting existing members, that was not readily ascertainable at the time Summa contracted with EPIC. He also found that EPIC presented Summa with a pre-printed adhesion contract with instructions to accept by signing, rather than negotiating a contract unique to the parties. Finally, the arbitrator correctly stated that Nevada law does not foreclose upon use of changed circumstances to render an agreement unconscionable. *See e.g., Coury v. Robison*, 115 Nev. 84, 88-89, 976 P.2d 518, 520-21 (1999) (stating that conditions that are not void as a matter of law may become void in particular circumstances if changed circumstances so dictate).[2]

---

[2]Although *Coury*'s circumstances are not the same as those in this case, the arbitrator was correct that the changed circumstances doctrine is a possibility in Nevada, and thus he did not manifestly disregard the law on unconscionability.

It is neither the district court's place nor ours to determine whether the arbitrator came down on the right side of this dispute. The issue before the district court was whether, by clear and convincing evidence, the arbitrator lacked either substantial evidence or rules of law to support his conclusions. He lacked neither. Accordingly we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions to confirm the arbitrator's award.[3]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Connie J. Steinheimer, District Judge
       James Georgeson, Settlement Judge
       Niekamp Weisensell, Mutersbaugh & Mastrantonio, LLP
       Parsons Behle & Latimer/Reno
       Holland & Hart LLP/Las Vegas
       Washoe District Court Clerk

---

[3]Because we vacate the district court's decision to vacate the arbitrator's award, we necessarily vacate the award of attorney's fees and costs as well, without specifically reaching Summa's arguments regarding attorney's fees and costs.