IN THE SUPREME COURT OF THE STATE OF NEVADA

SVRE, LLC, A NEVADA LIMITED
LIABILITY COMPANY, D/B/A SIMPLY
VEGAS REAL ESTATE,
Appellant,
vs.
QUEENSRIDGE REALTY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 77591

FILED

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order vacating an arbitration award in a realtor association dispute. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant SVRE, LLC (Simply Vegas) and respondent Queensridge Realty, LLC (Queensridge) chose to join the Greater Las Vegas Association of Realtors (GLVAR). An arbitration panel of the GLVAR entered an arbitration award in favor of Simply Vegas regarding a brokerage commission dispute with Queensridge over the sale of a property. Queensridge filed a motion to vacate the arbitration award with the district court. The district court granted Queensridge's motion and vacated the arbitration award, finding that the arbitration panel "considered all of the evidence but disregarded or misapplied the law with regard to Nevada law on procuring cause." Having considered the parties' arguments and the record on appeal, we conclude the district court erred in vacating the arbitration award because the arbitration panel did not manifestly disregard the law and its decision was not arbitrary or capricious.

20-24368

Simply Vegas contends the district court substituted its own findings for that of the GLVAR arbitration panel in vacating the award, failed to apply the proper standard of review, and in doing so, did not grant proper deference to the panel's decision. "This court reviews a district court's decision to vacate or confirm an arbitration award de novo." *Washoe Cty. Sch. Dist. v. White*, 133 Nev. 301, 303, 396 P.3d 834, 838 (2017). Nevada recognizes two common-law grounds under which a district court may review private binding arbitration awards: the court determines "(1) whether the award is arbitrary, capricious, or unsupported by the agreement; and (2) whether the arbitrator manifestly disregarded the law." *Id.* at 306, 396 P.3d at 839 (quoting *Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006)).

Based on the record before us, the district court recognized the proper standard of review but nevertheless erred in considering the underlying merits of the dispute.[1] *See White*, 133 Nev. at 306, 396 P.3d at 840 ("[T]he issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law." (quoting *Clark Cty. Educ. Ass'n*, 122 Nev. at 342, 131 P.3d at 8)); *see also Health Plan of Nev., Inc. v. Rainbow Medical, LLC*, 120 Nev. 689, 699, 100 P.3d 172, 179 (2004) ("Manifest disregard of the law goes beyond whether the law was correctly interpreted, it encompasses a conscious disregard of applicable law."). Because "[a] reviewing court should not concern itself with the

---

[1]The district court had the opportunity to review a transcript of the GLVAR arbitration proceedings.

correctness of an arbitration award[,] and thus[,] does not review the merits of the dispute," *Bohlmann v. Byron John Printz & Ash, Inc.*, 120 Nev. 543, 547, 96 P.3d 1155, 1158 (2004) (internal quotations omitted), *overruled on other grounds by Bass-Davis v. Davis*, 122 Nev. 442, 134 P.3d 103 (2006), we conclude that the district court did not correctly apply the manifest-disregard-of-the-law standard. *See Health Plan of Nev.*, 120 Nev. at 699, 100 P.3d at 179 ("[E]ven if [an] arbitrator made an error of fact or misapplied the law on [an] issue, it would still not amount to a manifest disregard of the law.").

Additionally, the arbitration panel correctly applied Nevada law and the GLVAR's governing guidelines and standards, and substantial evidence supported the panel's decision. Without looking to the merits of the dispute, the record does not indicate that the arbitration panel recognized that the law absolutely required a particular result and then refused to apply the law. *See White*, 133 Nev. at 306, 396 P.3d at 840. Thus, we conclude the panel did not manifestly disregard the law. Further, because there was substantial evidence in the record supporting the arbitration panel's findings, the arbitration award was not arbitrary or capricious. *See id.* at 308, 396 P.3d at 841 (explaining that "a court's review of the arbitrary and capricious standard is limited to whether the arbitrator's findings are supported by substantial evidence in the record" (internal quotations omitted)). Therefore, we conclude the district court abused its discretion by vacating the award.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions to confirm the arbitration award made by GLVAR in favor of Simply Vegas.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Nancy L. Allf, District Judge
Ara H. Shirinian, Settlement Judge
Shumway Van
Glen Lerner Injury Attorneys
Tiffany B. Banks
Eighth District Court Clerk