IN THE SUPREME COURT OF THE STATE OF NEVADA

WASHOE COUNTY,
Appellant,
vs.
BRETT SEEGMILLER; AND WASHOE
COUNTY SHERIFF'S DEPUTIES
ASSOCIATION,
Respondents.

No. 78837

FILED

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to vacate an arbitrator's award. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Washoe County (the County) argues that the arbitrator's decision was arbitrary and capricious because it lacked substantial supporting evidence.[1]

We review an arbitrator's decision for, among other things, arbitrary or capricious exercise of discretion. *Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.*, 122 Nev. 337, 341, 131 P.3d 5, 8 (2006). An arbitrator's decision is arbitrary and capricious if it lacks substantial supporting evidence. *Id.* at 342, 131 P.3d at 9. Substantial evidence is that

---

[1]The County also argues that the arbitrator should have deferred to the sheriff's decision to discharge Seegmiller. We note that the County bargained for and agreed to the arbitrator's authority to decide the issue, but we decline to consider the argument further because the County failed to raise it before the arbitrator. *Cf. Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that we deem waived and decline to consider arguments raised for the first time on appeal).

which "a reasonable mind might accept as adequate to support a conclusion." *Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d 946, 950 (2008) (internal quotation marks omitted).

The arbitrator found that respondent Brett Seegmiller's misconduct was substantially similar to that of another deputy who falsified logs and received only a 24-hour suspension from the same sheriff who discharged Seegmiller, so he concluded that Seegmiller's discharge was excessive. But the arbitrator noted two differences between the cases. First, he noted that the other deputy offered alcoholism and sleep apnea as excuses for his misconduct, which arguably mitigated it to some degree, while Seegmiller did not offer any such excuses. So the arbitrator accounted for that difference by ordering a 30-day suspension for Seegmiller, which is significantly severer than the other deputy's 24-hour suspension but less severe than outright discharge. Second, the arbitrator noted that no one died in the other deputy's case. But the arbitrator concluded that the sheriff's conclusion that Seegmiller was responsible for the inmate's death was "highly speculative and wholly unpersuasive." The arbitrator reasoned that because the inmate had routine access to the closet in his role as a porter, he could have hanged himself even had Seegmiller performed the required half-hourly security checks. So he concluded that the second difference was insignificant, and because the sheriff would not have discharged Seegmiller had the inmate not died, Seegmiller's discharge was excessive.

Substantial evidence supported the arbitrator's decision. First, he reviewed a suspension notice describing the circumstances of and grounds for the other deputy's 24-hour suspension for the same misconduct, and heard related testimony from the sheriff who suspended both

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Seegmiller and the other deputy, and Seegmiller's statement about his own misconduct, all of which supported the arbitrator's conclusion that Seegmiller's misconduct was substantially similar but that he lacked any similar excuses. Second, he heard the lieutenant's testimony that a porter has ongoing access to a closet once a deputy unlocks it, and that the security-check protocol that Seegmiller failed to follow would have required him to check whether the closet door was closed and locked but not necessarily whether the closet was occupied, which supported the arbitrator's conclusion that the inmate could have hanged himself in the closet even had Seegmiller performed the security checks. And third, he heard Seegmiller's testimony about the ingenuity of the inmate's method of hanging himself, which supported the arbitrator's conclusion that the inmate carefully planned his suicide and "was obviously intent on killing himself," and so could have hanged himself even had Seegmiller performed the security checks.

A reasonable mind might accept that evidence as adequate to support the arbitrator's conclusions, so the evidence was substantial and the arbitrator's decision was not arbitrary or capricious. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Scott N. Freeman, District Judge
Janet L. Chubb, Settlement Judge
Washoe County District Attorney/Civil Division
Michael E. Langton
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A