# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER VAN LEUVEN,
Appellant,
vs.
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF NEVADA; AND TOWN OF
PAHRUMP, AN UNINCORPORATED
TOWN AND POLITICAL SUBDIVISION
OF NYE COUNTY, STATE OF
NEVADA,
Respondents.

No. 81566

FILED

DEC 2 3 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a petition for a writ of mandamus in an employment matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant Christopher Van Leuven worked as a firefighter paramedic for respondent Town of Pahrump (the Town). In January 2012, the Town terminated Van Leuven's employment as discipline for his involvement in an ambulance accident. Following an arbitration award that required the parties to agree to a lesser disciplinary punishment than termination, the parties entered into a settlement agreement. Under that agreement, Van Leuven was rehired in April 2016 and provided back wages from January 2012, when he was terminated, to March 2016.

In 2017, Van Leuven filed a grievance against the Town after noticing that it had not made contributions to respondent Public Employees' Retirement System (PERS) on his behalf during the time his employment was allegedly wrongfully terminated. The case again went to arbitration,

21-36651

and the arbitrator concluded that the settlement agreement did not require the Town to make PERS contributions for that period. Van Leuven nevertheless obtained a letter from PERS determining, based on the information Van Leuven submitted, that his return to work constituted a retroactive reinstatement under NRS 286.435.[1] Relying on that letter, Van Leuven filed the underlying petition for a writ of mandamus against PERS, seeking to compel PERS to obtain the disputed contributions from the Town. The Town intervened, and both PERS and the Town filed motions to dismiss, which the district court granted. This appeal followed.

Relying on the letter from PERS, Van Leuven argues that NRS 286.435 applies, and he is therefore entitled to writ relief. In opposition, both the Town and PERS argue that NRS 286.435 cannot apply because the arbitrator found that the agreement provided less-than-whole reinstatement. PERS further contends that the letter it sent to Van Leuven determining that he was retroactively reinstated should not be treated as the agency's final determination on this issue because it was not aware of the entire procedural history of this dispute at that time.

---

[1]In relevant part, NRS 286.435(1)(c) provides that an employee who was "involuntarily terminated and who is thereafter reinstated retroactively to employment with a participating public employer . . . by the terms of any settlement agreement[ ] shall pay . . . [the] employee contributions which would have been made on the back pay awarded to [him]." Under NRS 286.421(9), "[p]ublic employers . . . shall pay the entire employee contribution for those employees who contribute to the Police and Firefighters' Retirement Fund on and after July 1, 1981." Because Van Leuven is a firefighter paramedic, the Town would have to pay his PERS contributions if NRS 286.435 applied.

"A district court's decision to grant or deny a writ petition is reviewed by this court under an abuse of discretion standard." *DR Partners v. Bd. of Cty. Comm'rs of Clark Cty.*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). A writ of mandamus is available to compel a legal duty to act, but only if the petitioner is legally entitled to have the act done, *see* NRS 34.160, and "the petitioner has no other plain, speedy, and adequate remedy." *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020). "A petitioner bears the burden of demonstrating that extraordinary relief is warranted, and whether to consider a writ of mandamus is ultimately within [the] court's discretion." *Cameron v. Eighth Judicial Dist. Court*, 135 Nev. 214, 216, 445 P.3d 843, 844 (2019) (internal citation omitted).

A court will review an arbitrator's factual findings under "the arbitrary-and-capricious standard [which] limits a reviewing court's consideration to whether the arbitrator's findings are supported by substantial evidence." *Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.*, 122 Nev. 337, 342, 131 P.3d 5, 9 (2006). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the [arbitrator]'s conclusion." *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (internal citation and quotation marks omitted).

We conclude that the district court did not abuse its discretion by denying Van Leuven's petition for writ of mandamus because Van Leuven failed to establish that the district court had a clear duty to grant Van Leuven's requested writ relief. Importantly, the arbitrator found "the evidence established that the parties agreed that the [s]ettlement would involve something less than a complete restoration to the status quo ante with an adjustment made for disciplinary suspension." This factual finding

SUPREME COURT
OF
NEVADA

(O) 1947A

is supported by substantial evidence. The settlement agreement specifically listed the compensation Van Leuven would receive. And, it did not include PERS contributions, even though Van Leuven's counsel initially requested this be included in the agreement early in the negotiation process. The Town's Human Resources Director testified about handling a retroactively reinstated employee during the arbitration proceedings. Her testimony indicates that such employees are not provided a lump sum but rather her staff would make the payments per payroll period. Further, the first arbitrator allowed the parties to agree upon a remedy—but the arbitrator did not order the Town to make Van Leuven whole or provide him with all back wages and benefits. Notably, too, PERS has since disavowed its own determination that NRS 286.435 applies and asserts that it would not have issued this determination had Van Leuven provided PERS with the second arbitration award.

Therefore, because the district court is bound by the factual findings in the arbitration award—notably that the settlement agreement did not include Van Leuven's PERS contributions and did not provide make-whole relief—the district court did not err when it concluded that NRS 286.435 does not apply. Consequently, because NRS 286.435 does not

SUPREME COURT
OF
NEVADA

(O) 1947A

apply, Van Leuven failed to establish that he is entitled to writ relief on this basis. Accordingly, because the district court did not abuse its discretion by dismissing Van Leuven's petition for a writ of mandamus,[2] we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

_____, J.          _____, J.
Cadish                        Silver

_____, J.          _____, J.
Pickering                     Herndon

cc:   Hon. Timothy C. Williams, District Judge
      Law Office of Daniel Marks
      Attorney General/Carson City
      Downey Brand LLP
      Eighth District Court Clerk

---

[2]In light of this disposition, we need not address the remaining issues raised on appeal.