# IN THE SUPREME COURT OF THE STATE OF NEVADA

WASHOE COUNTY SCHOOL DISTRICT,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA,
Appellant,
vs.
CAIDYN EDLUND,
Respondent.

No. 83713

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court order modifying an arbitration award. Second Judicial District Court, Washoe County; Kathleen A. Sigurdson, Judge.[1]

After appellant Washoe County School District (WCSD) terminated respondent Caidyn Edlund from his position as a special education teacher for bringing a weapon onto school property, the parties participated in arbitration to determine whether WCSD had just cause to terminate him. The district court reversed the first arbitration award and remanded the case for further proceedings before a different arbitrator. The second arbitrator found that WCSD lacked just cause to terminate Edlund and ordered Edlund reinstated to his previous position. The arbitrator further found that although Edlund did not intend to bring a weapon to school, he had nonetheless acted recklessly and therefore was not entitled to back pay. Edlund challenged the award, and the district court vacated the arbitrator's finding that Edlund had acted recklessly and ordered WCSD to pay Edlund back pay. WCSD now appeals.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-25204

This court reviews a district court's decision on challenges to an arbitration award de novo. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 97, 127 P.3d 1057, 1067 (2006). Nevada recognizes both statutory and common law grounds for vacating an arbitration award. *See Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 695, 100 P.3d 172, 176 (2004). When reviewing an arbitration award, the district court may either confirm the award, NRS 38.239, vacate the award, NRS 38.241, or modify the award in limited circumstances, NRS 38.242.

WCSD first argues that the district court exceeded its authority by vacating the arbitrator's finding, due to a lack of substantial evidence, that Edlund acted recklessly when he brought the weapon to school. *See Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.*, 122 Nev. 337, 339, 131 P.3d 5, 7 (2006) (explaining that when a court reviews an award to determine if it is arbitrary or capricious, it "may only concern itself with the arbitrator's findings and whether they are supported by substantial evidence"). We disagree. The record contains no evidence that Edlund intentionally or knowingly brought a weapon onto school property or any evidence "which a reasonable mind might accept as adequate to support [the] conclusion" that he had acted recklessly. *Nev. Pub. Emps. Ret. Bd. v. Smith*, 129 Nev. 618, 624, 310 P.3d 560, 564 (2013) (internal citation omitted); *cf.* Restatement (Second) of Torts § 500 cmt. g (1965) ("[R]eckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man."). Indeed, the arbitrator found that Edlund's conduct was unintentional and inadvertent; thus WCSD lacked just cause to terminate him under NRS 391.750(1)(u), (4) (providing that a teacher may be dismissed for "gross misconduct," which "includes any

act or omission that is in wanton, willful, *reckless* or deliberate disregard of the interests of a school or school district or a pupil thereof" (emphasis added)). These findings do not support the conclusion that Edlund acted recklessly. We therefore conclude that the district court did not err when it vacated that finding.

WCSD next challenges the portion of the district court's order requiring it to pay Edlund back pay. Below, Edlund argued, and the district court agreed, that the arbitrator manifestly disregarded a law entitling Edlund to back pay. This court recently clarified that to constitute a manifest disregard of the law, "the arbitrator must not only reach a legally incorrect result, [he] must do so deliberately." *News+Media Cap. Grp. LLC v. Las Vegas Sun, Inc.*, 137 Nev., Adv. Op. 45, 495 P.3d 108, 118 (2021). Here, the record does not demonstrate that the arbitrator "*knowingly* disregard[ed] clearly controlling law," *id.*, 495 P.3d at 119, as there is no indication that the arbitrator considered whether the statute at issue, NRS 391.760, applied to the parties' dispute or whether it entitled Edlund to back pay. *See also Clark Cty. Educ. Ass'n*, 122 Nev. at 342, 131 P.3d at 8 ("[T]he issue is . . . whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law." (quoting *Bohlmann v. Printz*, 120 Nev. 543, 547, 96 P.3d 1155, 1158 (2004))). Therefore, the district court erred when it found the arbitrator manifestly disregarded the applicable law and ordered back pay on that basis.[2] Based

---

[2]We further conclude that the district court erred when it found that NRS 391.760(3) entitled Edlund to back pay, as that statute only applies when the district superintendent suspends an employee, and the school *principal* suspended Edlund, not the superintendent. *See* NRS 391.760(1)-(2) (discussing circumstances in which the superintendent may suspend an employee pending disposition of a criminal charge).

upon the foregoing, we affirm the district court's order insofar as it vacates the arbitrator's finding of recklessness and reverse that part of the order awarding Edlund back pay.

It is so ORDERED.[3]

_____, C. J.
Parraguirre

_____, J.
Silver

_____, Sr.J.
Gibbons

cc:     Hon. Kathleen A. Sigurdson, District Judge
        Margaret M. Crowley, Settlement Judge
        Washoe County School District/Office of the General Counsel
        Luke A. Busby
        Washoe District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.